IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
         v.                 )       2:20cr108-MHT
                            )           (WO)
CHARLES EDWARD McMEANS      )
```

OPINION AND ORDER

This case is now before the court on defendant Charles Edward McMeans's motion pursuant to 18 U.S.C. § 3145(b) to amend or revoke the pretrial detention order entered by the United States Magistrate Judge after a hearing. Based on the transcript of the initial detention hearing, a status conference held on the record on March 24, 2021 (during which the parties agreed to rely on the record that was before the magistrate judge), and the court's independent and *de novo* review of the case, the court will deny McMeans's motion and adopt the magistrate judge's detention order.

I. Legal Framework

This court reviews the magistrate judge's detention order *de novo*. *See United States v. King*, 849 F.2d 485,

489-90 (11th Cir. 1988).  The district judge may conduct an evidentiary hearing if he "determines that additional evidence is necessary or that factual issues remain unresolved," or he may rely on the pleadings and evidence considered by the magistrate judge to "determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct."  *Id*.

The court must order McMeans's detention if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure [his] appearance ... as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  "[A] finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial."  *King*, 849 F.2d at 489.  The "dangerousness" necessary to justify pretrial detention "has a much broader construction than might be commonly understood in everyday parlance."  *Id*. at 487, n.2.  It extends to non-physical harms, including

2

"the danger that the defendant might engage in criminal activity to the detriment of the community." *Id*.

The government bears the burden of proving (1) by a preponderance of the evidence that no condition or conditions will reasonably ensure the defendant's appearance, or (2) by clear and convincing evidence that no condition or conditions will ensure the safety of any other person and the community. *See United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). The parties agree that McMeans is subject to a rebuttable presumption that no condition or conditions will ensure his appearance or the safety of the community because there is probable cause to believe that he committed an offense under 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e)(3)(B). The statutory presumption puts the burden of production on the defendant to provide evidence to counter the idea that he is unlikely to appear and dangerous to the community. *See United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). Even if he satisfies the burden of production,

3

the presumption "remains in the case as an evidentiary finding militating against release." *Quartermaine*, 913 F.2d at 916. However, the ultimate burden of *persuasion* as to flight risk or dangerousness does not shift--it remains with the government. *See id.*

The court must consider four factors in making its detention determination: "(1) the nature and circumstances of the offense charged ...; (2) the weight of the evidence against the person; (3) the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## II. Discussion

McMeans is charged with possession with intent to distribute synthetic marijuana in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and using or carrying and possessing a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). These charges stem from a traffic stop of a vehicle driven by the defendant that occurred on July 8, 2019.

McMeans has offered some evidence to establish that he is not a flight risk. He points out that he is a lifelong resident of Montgomery, Alabama and has close family in the area. He has a wife and two children, and he plans to reside with them in the family home if he is released. While the government has offered compelling evidence to indicate that McMeans may be a flight risk, including the fact that McMeans has failed to appear on at least three prior occasions and has a long history of probation and bond violations, it is not clear that they has proven by a preponderance of the evidence that no condition or conditions will reasonably ensure his appearance.

However, the court need not decide that question because it is clear that McMeans has not met the burden of providing "some quantum of evidence" to counter the

5

presumption that he would pose a danger to the community if released pending trial.  *Hurtado*, 779 F.2d at 1485 n.4.  He relies largely on the argument that this court should weigh the fact that two state courts released him on bond as evidence that he will appear for court as required and does not pose a danger to others or the public, since the state rule governing release requires courts to consider both conditions.  *See* Ala. R. Civ. P. 7.2(a).  But since the Alabama Constitution provides "an absolute right to bail in all noncapital cases," the state courts did not have the ability to deny McMeans bail *even* if they believed that he was a flight risk or a danger to the community--their only option was to impose additional conditions on his release.  *Ex parte Colbert*, 805 So. 2d 687, 688 (Ala. 2001).  This court can therefore draw no conclusions about the extent to which McMeans is likely to appear or to which he presents a danger to others from the mere fact that the state courts released him on bond.  (In any event, even if the state courts had the ability to deny

6

bond but decided not to, that fact would not change the conclusions the court reaches here about McMeans as a result of its independent review of the entirety of the evidence presented.)

Moreover, the government has established by clear and convincing evidence that no condition or conditions will ensure the safety of others and the community. There is compelling evidence of McMeans's dangerousness. He has an extensive criminal history, which includes several instances of harassing, threatening, and violent behavior, sometimes directed toward family members. He also has a history of opposition to and even violence towards law enforcement personnel. He was convicted of disorderly conduct and resisting arrest after swearing at and striking an officer, has had multiple probation violations, and was involved in violent extortion of fellow inmates while previously incarcerated in the Alabama Department of Corrections. Further, McMeans reports that he engaged in

7

marijuana use daily for many years, although he says that he has not used drugs since he has been incarcerated.

It is also concerning that McMeans's current arrest came while he was on bond for state felony murder charges. This court has previously found evidence that a defendant has continued to engage in criminal conduct even while facing other charges to be a significant factor weighing against release. *See United States v. Easterly*, No. 2:18cr243, 2018 WL 4896724, at *2 (M.D. Ala. Oct. 9, 2018) (Thompson, J.).

The court also notes the presence of both drugs and a firearm in this case, as well as the presence of firearms and drugs during some of McMeans's prior arrests. Indeed, McMeans is currently facing charges for felony murder, a firearm offense, and several drug offenses in state court. This suggests a troubling pattern of criminal activity and indicates that McMeans could pose a very serious danger to the community were he to be released. (During the status conference on March 24, 2021, the government informed the

court that a state detainer has been placed on McMeans based on the conduct that gave rise to his arrest for felony murder.  It is unclear whether the charge is still felony murder or some other charge such as reckless murder.  Regardless, it does not change the underlying behavior or the analysis here.)

Having considered the evidence offered before the magistrate judge during the detention hearing, as well as the additional briefing and argument offered before this court, the court agrees with the magistrate judge that McMeans should remain detained prior to his upcoming trial because he has failed to overcome the presumption in favor of detention pending sentencing.  Moreover, based on a review of the § 3142(g) factors--including evidence of McMeans's history of violent and threatening behavior, including towards law enforcement; his continuing engagement in criminal activity while on bond in another case; his pattern of dangerous drug- and gun-related criminal behavior; and the evidentiary weight of the

9

§ 3142(e) presumption--the court finds that the government has met its burden of showing by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community if McMeans is released pending trial.

\* \* \*

Accordingly, it is ORDERED that:

(1) Defendant Charles Edward McMeans's motion to revoke or amend the detention order (Doc. 54) is denied.

(2) The detention order of the United States Magistrate Judge (Doc. 52) is adopted.

DONE, this the 24th day of March, 2021.

                 /s/ Myron H. Thompson
                 **UNITED STATES DISTRICT JUDGE**